# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:13-cv-683-RJC

| | | |
|---|---|---|
| JAMES T. STROUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| KELLUM MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint, which is filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I.    BACKGROUND

Plaintiff alleges that on or about April 12, 2011, the Defendant, whom he identifies as the duly-appointed Public Defender of Gaston County, was appointed by the court to represent him on a felony state charge of obtaining property by false pretenses in Case No. 10-CRS-67349. While in Gaston County Jail awaiting the disposition of this charge, Plaintiff alleges that the Defendant behaved rudely toward him and was generally inattentive to his case. While awaiting trial, the court ordered that Plaintiff be transported to Raleigh for a mental evaluation to determine his competency to stand trial, and he was declared fit to proceed. Plaintiff alleges that Defendant received a copy of his mental evaluation, but he failed to report this to the court and as a result, Plaintiff, who had apparently been released on bond after passing the evaluation, was taken back into custody after the court found that he had not undergone the court-ordered mental evaluation. Plaintiff alleges that the Defendant knew, or should have known, that he had been taken back into custody and that he should have scheduled a hearing on his release, based on the fact that he had

complied with the court-ordered mental evaluation.

While it is not clear whether Plaintiff was ultimately convicted of the lone charge against him, he does contend that he was released from Gaston County Jail on June 5, 2012. In his complaint, Plaintiff pleads thirteen causes of action which include intentional, reckless, and/or infliction of emotional distress, invasion of privacy, and intentional violation of his constitutional rights. Plaintiff seeks compensatory damages in an amount in excess of $10,000 for each of his thirteen causes of actions and punitive damages for egregious, willful and wanton conduct.

## II. STANDARD OF REVIEW

Plaintiff has filed a motion to proceed *in forma pauperis* contending that he does not have sufficient funds to pay the filing fee or costs in this matter. Pursuant to 28 U.S.C. § 1915(e), the court shall dismiss a complaint if it fails to state a claim upon which relief may be granted. Id. § 1915(e)(2)(B)(ii). See Michau v. Charleston, S.C., 434 F.3d 725, 727-28 (4th Cir. 2006) (finding that § 1915(e) governs IFP filings filed by prisoners and non-prisoners alike).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff has named as the sole defendant the attorney appointed by the state court to represent him on a felony charge. Plaintiff identifies the defendant as the duly-appointed Public

Defender of Gaston County. A § 1983 action is one which alleges that the defendant has violated Plaintiff's civil rights as those rights are protected by federal law. Importantly, the defendant must be one that is acting under color of state law. And case law has made clear that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law under Section 1983. <u>See</u> <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 318-19 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); <u>Hall v. Quillen</u>, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

### IV.    CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim for relief and his complaint will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim for relief. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

The Clerk of Court is respectfully directed to close this case.

Signed: January 10, 2014

Robert J. Conrad, Jr.
United States District Judge